(139 So. 111)

### FOYE v. STATE.

5 Div. 855.

Court of Appeals of Alabama.

Jan. 12, 1932.

John A. Darden, of Goodwater, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

The court deems it unnecessary to write to the innumerable points of decision presented by counsel in this case. The prosecution by indictment was for a violation of section 5555 of the Code 1923, the title of said section being, "Trespass by cutting timber on lands of another with intent," etc. The statute provides that: "Any person who knowingly enters upon the land of another and cuts down any wood or timber growing thereon, with intent to remove and appropriate the same to his own use, shall, on conviction, be fined not more than two hundred dollars, * * * and the fine in such case goes to the injured party."

The foregoing statute is plain and unambiguous. Upon the trial of a person charged with the violation of this statute, the state was under the burden of proving (1) that the accused knowingly entered upon the land of another (the person named in the indictment), and cut down wood or timber growing thereon, and (2) at the time of entering upon the land and cutting the wood or timber he had the intent to remove and appropriate such wood or timber to his own use. In other words, such act must have been knowingly committed and the intent must have existed at the time of the unlawful action, and not formed subsequently thereto, for no subsequent felonious intention will render the previous act felonious.

In the case at bar, there was no evidence showing, or tending to show, that this appellant had ever entered on the lands in question. On the contrary, the evidence without conflict is conclusive to the effect that he had never set foot upon the land. Nor is there any evidence that he ever cut any wood or timber growing upon said land. This was conceded upon the trial. The state, however, relied upon a conviction under certain evidence which the state insisted tended to show that the alleged entering upon the land and the cutting and removing the timber was through the agency of this appellant and was done at his instance and request. This insistence upon the part of the state is untenable under the undisputed evidence in this case. This evidence discloses that this appellant and one Speaks as partners were operating a sawmill, and at the time in question they were cutting and sawing timber for one Mr. Gene Saxon, and that said timber belonged to Saxon, that before commencing operations Saxon pointed out to appellant the timber on his land to be cut, and that no timber other than that so pointed out was cut. It discloses also that there was some dispute or confusion about the land lines, and that, some time after the timber in question was cut, Dobson, the complainant, and appellant and others interested undertook to make a settlement about Dobson's timber, and that he (Dobson), was told by G. T. Singleton, the person to whom the manufactured timber was delivered, that, if any of Dobson's timber had been cut, he personally would see that Mr. Saxon would pay him for it as soon as the

fact was established. In this connection witness Singleton testified as follows:

"Mr. Dobson came to my boarding house about noon one day and wanted to have some agreement or some satisfaction about the timber that had been cut on his land, and I said, well, Mr. Dobson, if we have cut any of your timber we certainly will be glad to pay for it. * * * I told as quickly as it was established to Mr. Saxon's satisfaction that the timber was cut off his land and the amount, that I would see that Mr. Saxon paid for it, * * * I want to sell it all to you, and I said, well, I will get in touch with Mr. Saxon, and if he cut the timber and wants to pay you and hasn't got the money, I will furnish the money to him, but the lines must be established clearly to our satisfaction, and if Mr. Saxon has cut any of your timber, then I will see that he pays you for the damage, provided we don't buy the timber. He came back about two weeks later to my office and stated to me in company with Mr. Foye, he stated to me that he had been over the timber with Mr. Foye across the creek, and I told him that I would not be interested in buying it, but that if he and Mr. Saxon had agreed about the timber across the line, that I would furnish Mr. Saxon the money for it."

In addition to the foregoing, Dobson himself testified that appellant told him "that if he had cut any of my timber by mistake he would pay me for it."

There is no evidence showing, or tending to show, that this appellant knew that the land belonged to Dobson. The contrary clearly appears from all the evidence; thus refuting the insistence that he knowingly entered upon the Dobson land and cut wood or timber growing thereon with intent to convert it to his own use. As stated, there is no evidence that this appellant entered upon the Dobson land at any time for any purpose, nor is there any evidence that he caused another or other persons so to do. The undisputed evidence shows to the contrary. From the evidence in this case, a civil obligation may have been incurred by the person or persons responsible for the cutting and removing of the timber in question from the Dobson land, or an action for the statutory penalty, as provided in the Civil Code 1923, section 10371, may have been instituted. But the evidence in the case falls far short of being sufficient to sustain a judgment of conviction as for a violation of the criminal statute, section 5555, above quoted. The defendant in the court below, under all the evidence, was entitled to be discharged, and, for the error in refusing to give the general affirmative charge in his behalf, the judgment of conviction from which this appeal was taken is reversed and remanded in accordance with the foregoing. McWhorter v. State, 21 Ala. App. 684, 105 So. 925.

Reversed and remanded.